## Case No. 5,860.

### In re GUILD.

[1 Woodb. & M. 29.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1845.

#### BANKRUPTCY—COSTS ON APPEAL.

1. If creditors object to the discharge of a bankrupt, and obtain a verdict against it in the district court, and on appeal here a verdict is rendered for the bankrupt, on new evidence, filed in a new examination and disclosure allowed to him on leave, costs are not allowed to either party.

[Cited in Re Holgate, Case No. 6,601.]

2. In such cases, usually, it is equitable to give costs on each verdict to the prevailing party in each; but not to the party last recovering, unless it was on the same evidence. and unless he was able to pay costs, if losing the verdict.

[Cited in Re George, Case No. 5,326.]

[Appeal from the district court of the United States for the district of Massachusetts.]

The bankrupt in this case [Moses Guild]

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

moves for costs to be allowed him against Earle, a creditor, who had opposed his discharge. It appeared, that in the district court, on a trial of the facts in issue, relating to his discharge, a verdict was returned against Guild; but on appeal here and another trial had, he was discharged. The motion was for costs in both trials.

C. M. Ellis. for bankrupt.
Mr. Bradley, for creditor.

WOODBURY, Circuit Justice. By the 25th rule of the district court for Massachusetts, in cases of costs in bankruptcy, it is provided that they are to be paid "according as the court shall finally award and direct in each particular case—taking into consideration all the circumstances and equities thereof." The power to be exercised in this case is, therefore, very broad; but should be regulated, in some respects, by what is deemed equitable elsewhere under like circumstances and systems. In England, costs are very seldom to be paid by a bankrupt. Eden, Bankr. 461. Probably the practice rests there on his supposed inability, after a surrender of his effects, to discharge any considerable amount of costs. Here, by our rules, also, he is not named expressly as one of the persons liable in certain events to pay costs. It seems to me, therefore, that he should not, as a matter of course, be subjected to pay costs where an issue is found against him, but only in extreme cases of negligence or fraud, or other injurious misbehavior, and then with much caution, if he is really a bankrupt. But as to creditors, the rule is less stringent, as they are able to pay costs, and are named twice in the rules as subject to costs. And in England, a creditor failing to establish an objection to the discharge of a bankrupt, is generally taxed with costs. Mont. Bankr. 358.

What, then, are the peculiarities in this case, which render it equitable to give or withhold costs, either as to the bankrupt or creditors? It appears, that the issue below, after a full hearing, was found against the bankrupt, and for the creditor. Now, on that finding alone, costs would often go against the bankrupt. But the verdict was reversed in this court. If the first finding had been reversed on the last trial on like evidence and explanations, the last finding would be proof, of some strength, that the first verdict was erroneous, and consequently that the bankrupt, so far from being liable in the first case, should be entitled to costs in both cases against the creditor objecting to his discharge. Such is the claim set up by the present motion. But, at the same time, the case shows, that there was strong probable cause at the first trial for the creditor to object to the bankrupt's discharge. The explanations by him had then been very general and imperfect as to a large amount of property; and in the interval, before the second trial, he obtained leave to make new explana-

tions, and to furnish new evidence in favor of his discharge that was very material. It appears, further, that the case was contested as doubtful at the last trial, even after the new explanations and evidence. Hence, I think, there is no equity in allowing him costs on the first trial, and I exonerate him from liability to pay costs in that case, only on the grounds of his general exemption from liability except in extreme cases, coupled with the circumstance, that the last finding in his favor rebuts, on the whole, any designed or corrupt concealment of property, or any fraud in making such imperfect disclosures and proof as were offered by him in the court below on the first trial.

In respect to the trial in this court, where a verdict was returned in favor of the bankrupt, costs would be allowed of course in his favor, and against the creditor, if there had been no kind of misconduct on his part, which naturally induced the creditor to object to his discharge. 1 Rose, 376, in case of the Bank of Scotland, cited in 1 Mont. Bankr. 358. But here there had been an omission to disclose very material explanations and facts. He had, also, been indulged in a new examination, and on terms as to costs, to be afterwards settled. It had become necessary for him to ask indulgence to make new explanations, by having a new and fuller examination. Beside this, important circumstances were introduced at the second trial, which had before been overlooked or suppressed. The whole of this amounted to such misconduct on his part, as in England would probably have prevented the allowance of costs, even on the dismission of a petition praying a stay of a certificate of bankruptcy. Note in Rose, before cited. The whole case, likewise, as tried in this court, having, as before suggested, been one to the last moment very questionable on the merits; and the course of the bankrupt, in not going into more explanatory details, having been procrastinating and reluctant, and in the management of his estate, of doubtful fairness, I think, that the cost since incurred has, in an equitable view, resulted quite as much or more from his own misbehavior, than from any thing culpable in the course pursued by his creditors. Consequently, if no costs in either trial are allowed, either to the bankrupt or the creditors, they will be left in a condition not apparently contrary to equity. Such was the conclusion in Alfonso v. U. S. [Case No. 188].

We are the more confirmed in the justice of this conclusion, as it accords not only with what seems equitable, but with the legal course in some states, in analogous cases. Thus, in New Hampshire, on a review, though the verdict be different from what it was on the first trial, the costs in that trial are not disturbed, either by allowing them to the party now recovering, or by paying back to him what has been collected from him. Where a cause is open to be tried on

new testimony, letting the costs follow the verdict, as it may be in each trial, is not inequitable, and would lead to much the same result in the present case, as that we propose. The only difference would be where the amounts by the different trials were not alike. But even then, if here, those on the last trial were granted, the bankrupt might not equitably be entitled to claim the balance, as his new examination, by which he has been enabled to prevail on the last trial, was granted on terms, which ought probably to cover all the excess. Again, if the balance should, in this or any other case, happen to be in favor of the creditor, requiring a bankrupt to pay that balance might subject him to much inconvenience, amidst his destitution and embarrassments.

It is better, then, as a general principle, in the case of bankrupts, that the rule should be, where the verdicts are different ways, neither should pay costs, than that each should pay them, where he is the unsuccessful party. And the more especially is it just, when the first verdict was against the bankrupt, and the last one is for him on new evidence, which he has been allowed to furnish by a new disclosure, that the bankrupt should not be allowed to profit by this, so as to tax the creditors for what, in the first case, was the consequence of his own fault, and, in the last case, the consequence of a favor granted to him only on terms, and which terms may well be a limitation of his obtaining costs thereby. In the common pleas, in England, if a new trial has been granted, and the verdict is the same way, though costs of both are allowed, yet they are not to the party recovering the last verdict, where he lost the first one. Tidd, Pr. "New Trial"; 1 East, 111, 114, note; 1 H. Bl. 641; Lickbarrow v. Mason, 6 Term R. 131; Brown v. Clarke, 12 Mees. & W. 25; 1 Dowl. & L. 409. Under all the circumstances of the present case, then, and considering the pecuniary wants of bankrupts, the just, best, and least embarrassing rule is, for neither party to pay costs. Motion refused.